IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                     No. CR 05-914 JB

BRANDON CLARK,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Withdraw and for Appointment of New Counsel, filed May 31, 2005 (Doc. 20). The Court held a hearing on this motion on June 1, 2005.[1] The primary issue is whether the Court should allow Defendant Brandon Clark's attorney, Whitney Johnson, to withdraw. The Court will grant Clark's motion and appoint new counsel.

## PROCEDURAL BACKGROUND

Clark is in custody. In his motion, Clark indicates that he does not want Whitney Johnson to represent him. He requests that the Court allow Johnson to withdraw as his counsel and that the Court appoint new counsel to represent him. Clark has advised Johnson that he sent two letters to

---

[1] At the hearing on this motion, the United States appeared telephonically. Clark did not object to the telephonic appearance. See Transcript of Hearing at 3:1-6, June 1, 2005 (hereinafter "Transcript).

The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

the Court requesting that the Court appoint a different lawyer.  See Letter from Brandon Clark to James Browning, postmarked May 25, 2005 (Doc. 21).  Clark believes that Mr. Johnson has not communicated sufficiently with him and has not taken sufficient actions to represent him.

Clark's parents likewise do not want Mr. Johnson to represent Clark.  Clark and his parents are not satisfied with Mr. Johnson's representation and advice.  Mr. Johnson believes that Clark and his parents do not trust him and do not believe that he is providing good representation to Clark.  The parents have sought the services of another attorney, although as of late May, 2005, they had not retained that attorney.

The parents' concerns are relevant because they and their children and relatives are witnesses to the events at issue in this case.  Their cooperation with Clark's defense attorney is important.  Clark represents that communication between Clark, Mr. Johnson, and the witnesses is strained and ineffective, and that Mr. Johnson has been unable to interview some of the family witnesses by telephone at the family residence concerning the facts of the case.

Clark has asked Mr. Johnson to request that the Court allow Mr. Johnson to withdraw and that the Court appoint new counsel.  Mr. Johnson joins that request.  The United States does not oppose Clark's request.  See Transcript at 7:20 - 8:11.

Mr. Johnson advised Clark that, if the Court appoints new counsel, the Court would continue the trial currently on the docket for June 6, 2005, and would probably not reset the trial until July or August.  Clark stated that such a continuance was acceptable and that he would waive his speedy trial right to have new counsel appointed.  At the hearing, the Court explained to Clark that the trial set for June 6, 2005, would have to be vacated if the Court appointed new counsel.  See Transcript at 6:7-11.  Clark indicated that he understood that he had rights to a speedy trial and he waived those

rights.  See id. at 6:12-19.

## ANALYSIS

As a result of the lack of trust that Clark and his parents have in Mr. Johnson, and because they do not perceive that Mr. Johnson is providing good representation for Clark, the attorney-client relationship is such that Mr. Johnson cannot adequately represent Clark.  The Court will therefore grant  Clark's motion to allow Mr. Johnson to withdraw and will appoint new counsel. Because of Clark's  request for new counsel, and because of the ongoing investigation and discovery matters, additional time to prepare this case for trial would allow both parties to better present the matter to the jury and to the Court.  The Court will vacate the trial set for June 6, 2005.  The Court believes that the ends of justice served by granting Clark's motion and vacating his trial outweigh the interests of the public and Clark in a speedy trial.

**IT IS ORDERED** that the Defendant's Motion to Withdraw and for Appointment of New Counsel is granted.  The trial set for June 6, 2005 is vacated. The Court extends the time for filing motions, notices and all other required actions until thirty days after appointment of new counsel.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
   District of New Mexico
Stan Whitaker
  Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for Plaintiff*

Whitney Johnson
Albuquerque, New Mexico

    *Attorney for the Defendant*