# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                    No. CR 05-0914 JB

BRANDON CLARK,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Brandon Clark's Motion in Limine, filed April 10, 2006 (Doc. 74). The Court held a hearing on this motion on April 14, 2006. The primary issue is whether the Court should order the counsel to direct their witnesses to not volunteer possibly inadmissible hearsay and character testimony. The United States represented at the hearing that it did not oppose this motion. Because the Court believes that it would be best for the witnesses to not provide possible inadmissible evidence unless the Court specifically allows such testimony, the Court will grant the motion and order the counsel to advise their witnesses to not testify about hearsay and character evidence unless specifically asked to do so.

## FACTUAL BACKGROUND

This case concerns allegations of injuries sustained during a fight involving approximately nine individuals at a housing area on the Navajo Reservation. See Motion in Limine ¶ 1, at 1. Clark contends that all individuals involved were, to some degree, intoxicated. See id.

Clark asserts that the discovery -- primarily reports by the Federal Bureau of Investigation and by the Navajo Department of Public Safety -- indicates that those involved and other witnesses

provided significant information based on hearsay. See id. ¶ 2, at 1. Some of the hearsay concerns Clark's and his family members' reputation in the community. See id. The anticipated hearsay concerns, among other matters, an allegation that Clark burglarized a home at the housing area. See id. ¶ 3, at 1-2. Clark contends that the allegation of burglary was the motivating factor for the melee. See id.

## PROCEDURAL BACKGROUND

Clark moves to ensure that the Court does not allow inadmissible character testimony and hearsay during the trial. See id. at 1. Clark's counsel discussed this matter with Assistant United States Attorney Stan Whitaker, who agrees such testimony is inadmissible, but may be an issue at trial. See id. ¶ 5, at 3.

## ANALYSIS

Some of the testimony at issue might be admissible pursuant to rule 608 of the Federal Rules of Evidence should Clark or a family member testify. Several potential witnesses, however, at least according to the reports, volunteer information about the reputation of the Clark family, which may be inadmissible. And both sides are likely to raise the reason for the melee.

The concern of Clark's motion is that the burglary allegation stems from the report of a neighbor whom neither party has listed as a witness. Any information obtained by a witness at the trial from another individual who is not a witness may be inadmissible.

Based on the nature of this motion, it is not necessary for the Court to issue a pre-trial ruling. The motion is to advise the Court to expect this testimony. Because Clark does not wish to appear to be trying to prevent the jury from hearing information about the case, he raises the issue and requests the Court to inform counsel to strictly and clearly advise the witnesses they call not to

indulge in the use of inadmissible testimony from the witness stand. While this procedure will likely not prevent the witnesses from proffering some inadmissible evidence, it may prevent some.

**IT IS ORDERED** that the Defendant's Motion in Limine is granted and the counsel for both parties are ordered to instruct their respective witnesses about presenting inadmissible testimony.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the District of
    New Mexico
Samuel L. Winder
Stan Whitaker
  Assistant United States Attorneys
    for the District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Judith A. Rosenstein
Albuquerque, New Mexico

    *Attorney for the Defendant*